United States District Court
Southern District of Texas
**ENTERED**
September 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARCUS BRANDON CARTWRIGHT, | § § § | |
| Petitioner, | § | |
| VS. | § § | CIVIL ACTION NO. 7:17-CV-0191 |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION | § § § § § § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner, a former state prisoner proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254, which he claims a corrections officer confiscated some of Petitioner's property in violation of the Texas Department of Criminal Justice's policy. (Dkt. No. 1). Consequently, Petitioner asserts that his Constitutional rights have been violated. This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b).

After a review of the record and relevant law, the undersigned recommends that this action be **DISMISSED** without prejudice for failure to comply with a court order. It is further recommended that this case be closed.

## I. BACKGROUND

Movant proceeds pro se. Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In his § 2254 petition, Petitioner raises a claim concerning his property being confiscated. He asserts that a Texas Department of Criminal Justice ("TDCJ") officer confiscated his property without providing him the necessary paperwork.

Case 7:17-cv-00191 Document 10 Filed on 09/07/18 in TXSD Page 2 of 4

With his petition, Petitioner also filed a motion to leave to proceed *in forma pauperis* (IFP). (Dkt. No. 2). On June 28, 2017, the Honorable U.S. Magistrate Judge Dorina Ramos denied Petitioner's motion because his trust fund account statement showed that he had access to enough monthly funds to pay the filing fee. (Dkt. No. 6). Accordingly, the Court ordered Petitioner to pay the $5.00 filing fee within 30 days from the receipt of the Order. (*Id.*). Petitioner was also warned that failure to comply with the June 28th Order could result in dismissal of the case for want of prosecution or because he was not eligible to proceed IFP, or both. (*Id.*).

On July 14, 2017, Petitioner sent a letter to the Court, where he provided his new address and indicated that he would be sending the $5.00 filing fee within 30 days. (Dkt. No. 7 at 1, 3). Soon thereafter, on August 4, 2017, Petitioner sent another written notice to the Court. (Dkt. No. 8). This time, Petitioner informed the Court that he had recently been released from custody and that he was providing another change of address. (*Id.*). Petitioner did not pay the $5.00 filing fee within the 30-day period, as he previously indicated.

On June 15, 2018, the undersigned further ordered Petitioner to pay the filing fee and warned him that failure to do so, by August 1, 2018, would result in the undersigned recommending this his case be dismissed. (Dkt. No. 9). Petitioner has yet to pay the $5.00 filing fee.

## II. APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)); *see* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to control

2 / 4

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Links*, 70 U.S. at 630-31.

The undersigned finds that Petitioner's § 2254 petition should be dismissed without prejudice because Petitioner has not complied with the latest court order requiring him to pay the $5.00 filing fee by August 1, 2018. The undersigned's June 15th Order was the second time that the Court has directed Petitioner to pay the filing fee. This Order was also Petitioner's second warning that his lack of compliance could result in his case being dismissed. Moreover, Petitioner has had over one year to pay the $5.00 filing fee since first being ordered to do so by the Court. Petitioner's failure to comply with two court orders is an adequate basis for dismissal without prejudice, particularly when the Court has warned Petitioner (twice) that failure to comply could result in dismissal. *See, e.g., Larson v. Scott*, 157 F.3d 1030, 132 (5th Cir. 1998) (affirming dismissal without prejudice when the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal).

## III. CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Petitioner's action under 28 U.S.C. § 2254 petition be **DISMISSED without prejudice** for failure to comply with a court order and want of prosecution. It is also recommended that this civil action be closed.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof.

The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

SIGNED this 7th day of September, 2018, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge